IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-23-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BETTY EARLENE HENDERSON | ) | |

This matter comes before the Court on defendant's motion to dismiss two counts of her superseding indictment under Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment. [DE 31]. The government has responded in opposition and the matter is ripe for disposition. For the following reasons, defendant's motion to dismiss [DE 31] is GRANTED.

## BACKGROUND

In February 2018, a federal grand jury returned a six-count indictment charging defendant with the following crimes: theft of public money in violation of 18 U.S.C. § 641 (Count One), two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Two and Four), two counts of making false statements in violation of 18 U.S.C. § 1001 (Counts Three and Five), and fraud in violation of 42 U.S.C. § 1383a(a)(3) (Count Six). [DE 1]. In March 2018, the grand jury issued a superseding indictment but all of the substantive counts remained the same. [DE 6]. In August 2018, the Court declined to accept a plea agreement negotiated by the parties. [DE 23].

In October 2018, defendant moved to dismiss the aggravated identity theft charges, Counts Two and Four of the superseding indictment. [DE 31]. The government responded in opposition. [DE 32].

The superseding indictment alleges that defendant, from about September 1992 until October 2015, fraudulently applied for and received Social Security benefits on behalf of her

deceased mother, who passed away in 1953. [DE 6]. At all relevant times, petitioner's mother was deceased. The two charges for aggravated identity theft specifically arise from allegations that defendant knowingly used her deceased mother's name, date of birth, and Social Security number to fraudulently obtain benefits. *Id.*

## DISCUSSION

Defendant has moved to dismiss the superseding indictment's two counts of aggravated identity theft, arguing that 18 U.S.C. § 1028A does not apply to the theft of a deceased person's identity. Defendant argues that, at the very least, the statute is ambiguous and the rule of lenity is applicable such that the ambiguity should be resolved in defendant's favor. The government disagrees, arguing that the statute is not ambiguous and that it does include the theft of a deceased person's identity. But the government concedes that the "Fourth Circuit has not addressed this issue directly." [DE 32, p. 1].

The Fourth Circuit, while not directly addressing the issue, has provided a helpful analytical framework for approaching it. In *United States v. Hilton*, 701 F.3d 959 (4th Cir. 2012), the Fourth Circuit held that Section 1028A was ambiguous as to "the act of stealing the identity of a corporation" and applied the rule of lenity to resolve the ambiguity in the defendants' favor, vacating their aggravated identity theft convictions. *Hilton* declared that, because of the "serious consequences flowing from a criminal conviction," criminal statutes should "be strictly construed and should not be interpreted to extend criminal liability beyond that which Congress has 'plainly and unmistakenly' proscribed." *Hilton*, 701 F.3d at 966 (quoting *United States v. Childress*, 104 F.3d 47, 51–52 (4th Cir. 1996). Fundamentally, a criminal defendant must not be held responsible "for conduct which he could not reasonably understand to be proscribed." *Id.* (quoting *United States v. Lanier*, 520 U.S. 259, 265–66 (1997)). And while the "simple existence of some statutory

2

ambiguity" does not automatically trigger the rule of lenity, the Court must construe Section 1028A "strictly" and "avoid interpretations not clearly warranted by the text." *Id.* at 966–67 (citations omitted). Thus, the Court must determine whether the government's interpretation of Section 1028A is "clearly warranted by the text" or whether that interpretation would impose criminal liability beyond what Congress "plainly and unmistakenly" proscribed. If so, the Court must do as the Fourth Circuit did in *Hilton* and "yield to the rule of lenity." *Id.* at 969 (internal quotation marks and citation omitted).

The statutory text of 18 U.S.C. § 1028A does not "plainly and unmistakenly" include deceased persons. At the outset, the Court notes that the government's reliance on the decisions of other circuit courts are unpersuasive in light of the Fourth Circuit's *Hilton* framework that this Court must proceed under. Rather, to determine whether the statutory text is ambiguous, the inquiry must begin with the plain language of that statutory text. *See United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010). Section 1028A provides the following:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a *means of identification of another person* shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). The term "means of identification" is further defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a *specific individual*." 18 U.S.C. § 1028(d)(7) (emphasis added). These statutory terms, "person" and "specific individual," are the focus of the Court's inquiry, as they were the focus in *Hilton*. *See Hilton*, 701 F.3d at 968.

Neither "person" nor "specific individual" is further defined, either in 18 U.S.C. §§ 1028 and 1028A or in the Dictionary Act, 1 U.S.C. § 1. Thus, the terms must be given their ordinary meaning. *United States v. Mills*, 485 F.3d 219, 222 (4th Cir. 2007); *see also Abdelshafi*, 592 F.3d at 607. The government asserts that dictionary definitions of "person" establish that the term "may refer to both living and deceased individuals," but concedes that "some dictionaries distinguish between the living and deceased while others do not." [DE 32, p. 7]. Defendant cites a number of examples of dictionaries which explicitly require individuals to be *alive* to be termed "persons." [DE 31, p. 5]. Defendant also collects consistent legal usages of "persons," citing, among others, Black's Law Dictionary ("The living body of a human being . . . ."). The Court is persuaded that in many, if not most, ordinary usages of the word "persons," the term applies specifically to living people. "Specific individual" provides no clarity and, in fact, may support the defendant, as *Hilton* found that term to be a narrower "subset of the term 'person.'" *Hilton*, 701 F.3d at 967. At a minimum, the statute's use of "person" and "specific individual" is ambiguous.

The structure of 18 U.S.C. § 1028A does not clarify the textual ambiguity. Defendant argues that the statute "should be read in accordance with traditional and contemporary views of theft," which would not include theft from deceased persons. [DE 31, p. 7]. The government disagrees, maintaining that the range of conduct criminalized by the statute should not be narrowed simply because of the statute's title. [DE 32, p. 13]. The government also argues that the structure of Section 1028A resolves any potential ambiguity, making clear that Congress was protecting the identities of both living and deceased persons. [DE 32, p. 9]. In particular, the government argues that to limit "person" in 18 U.S.C. § 1028A(a)(1) to living persons would be illogical, given that 18 U.S.C. § 1028A(a)(2) provides further criminal penalties for the use of a "false identification document," which is not limited to documents belonging to living persons. [DE 32, p. 9–10]. That

4

is, a defendant could not be convicted of orally using a deceased person's "means of identification," but could be convicted of using a deceased person's "false identification document." But the Court is not convinced that this resolves the inherent textual ambiguity. It is not obvious that this outcome would be, as the Seventh Circuit claimed, an "illogical, absurd, and nonsensical result." *United States v. LaFaive*, 618 F.3d 613, 617 (7th Cir. 2010) (citations and internal quotation marks omitted). Perhaps Congress simply wanted broader criminal penalties for defendants who rely on falsified documents and, as such, was willing to dispense with the limitations of Section 1028A(a)(1). But this is pure speculation, which brings us to the final point.

Contrary to the government's assertions, the terms "person" and "specific individual" are ambiguous. The government's brief foray into the statute's legislative history does not resolve the ambiguity; as the government concedes, "none of the social security examples in the [congressional] report involved the identities of deceased persons." [DE 32, p. 11]. Further, the Supreme Court has previously found the legislative history of 18 U.S.C. § 1028A to be "inconclusive" and insufficient to determine the scope of conduct proscribed by the statute. *Flores-Figueroa v. United States*, 556 U.S. 646, 655 (2009). Thus, in light of the textual ambiguity and in accordance with *Hilton*, the Court must next consider whether the rule of lenity is applicable.

The rule of lenity "recognizes that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" *Hilton*, 701 F.3d at 968 (quoting *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 535 (4th Cir. 2005). It is premised on the notion "that Congress, rather than the judiciary, is the proper institution to define criminal conduct." *Id*. In *Hilton*, "faced with the choice of two plausibly valid interpretations," the Fourth Circuit applied the rule of lenity and avoided speculation as to Congress's intent. *Id*. at 968–69. The terms "person" and "specific individual" are sufficiently

ambiguous in this case that the rule of lenity is appropriate, and the statutory ambiguity must be resolved in defendant's favor.

Accordingly, defendant's motion to dismiss the two counts of aggravated identity theft in her superseding indictment must be granted and the charges must be dismissed.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 31] is GRANTED.

SO ORDERED, this 2 day of December, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE